HEIRS OF DUBREUIL *f. p. c.* vs. ROUZAN.

Under a genneral power the attorney has a right so substitute another to act in his place.

An authority to settle an account implies the right to admit any credits that may be claimed by the debtor.

APPEAL from the court of the parish and city of New-Orleans.

PORTER, J. delivered the opinion of the court. The petitioners state that they are heirs in right of their mother the late Ann Pignery, to their grandmother Mariane Dubreuil Alias Brion: that the defendant was appointed curator of the estate, and that he administered thereon without rendering any account; they state that their portion of it is $410, 80 cents each, and pray judgment for that amount.

The defendant answers that he has duly rendered his account to the judge of probates which has been examined and approved : that he paid to C. Ferrand, fils, f. m. c. attorney of Marguerite, Adélaïde, and Mathurin Pacaud, three of the plaintiffs in this case, each the sum of $247, 9 cents, being their

shares in the said estate; and that C. Fer-
rand, fils, the attorney passed a receipt in full
discharge of his constituents claims on the
succession of their grandmother; that there
is yet due, and owing to Raimond Pacaud
one of the petitioners 247 dollars and some
cents which he is willing to pay any person
duly authorized to receive it.

There was judgment for the plaintiffs and
the defendants appealed from so much of it
as regarded Adélaïde, Marguerite, and Ma-
thurin Pacaud.

The principal question agitated on the
argument was, whether a power of attorney
includes the right of substitution, when no
such authority is expressly given in the ins-
trument. In the case before us the plaintiffs
appointed Charles Pacaud, their agent, who
substituted Ferrand, to whom the defendant
as curator paid the shares of three of the
plaintiffs.

The counsel who sustained the negative,
relied principally on *Civil Code,* 424, *art.* 24,
which provides that the attorney cannot go
beyond the limits of his procuration, and that
whatever he does in exceeding his power is
null and void with regard to the principal.

East'n District.
*April,* 1823.

DUBREUIL's
HEIRS.
*vs.*
ROUZAN.

This clause it was contended repeals the provision found in the Spanish law, that under a general power the attorney has a right to substitute another to act in his place.

We understand this article to be nothing more than an enunciation of the general principle common to all laws that treat on this subject, and that it leaves the particular provisions on the power of substitution untouched. According to the 19th law of the 5th title of the 3d *Partida*, it is also provided that an attorney can do nothing beyond what is permitted or commanded in his letter of attorney, and if he does, it will not be valid : yet in the very same statute it is declared that tho' an attorney at law cannot appoint a substitute unless explessly empowered so to do, any other attorney may, and the act of the person so substituted will be as valid as if done by himself. Laws in *pari materia* must be construed with reference to each other. *C. Code,* 4, 17. We cannot attach a different meaning to phrases worded nearly alike, and certainly conveying the same idea. It is not disputed that in Spain the provisions cited from the *Partidas*, were consistent with the authority confered by another part of the same law

to appoint a substitute  Upon no sound rule of construction, then could we hold, that the re-enacting the same provisions in our code, repealed that authority.

East'n District.
*April,* 1823.

DUBREUIL'S
HEIRS.
*vs.*
ROUZAN.

It was somewhat relied on by the defendant, that the power under which the attorney acted did not bind the principal, because the matters transacted by him were such as required a special authority. But we think differently; a power to receive what is due from a debtor, necessarily implies the right to allow him any payments he has already made, and it appears to us is quite different from *acknowledging a debt,* for which a special authority is declared by our code to be requisite.

The power of attorney was sufficiently comprehensive to embrace the succession of the grandmother, as well as that of the mother.

On the whole, we consider the equity of the case most clearly with the defendant; and we do not see that the law is at all violated in protecting him.

The amount due to each heir, from the succession, was 267 dollars 9 cts., and that sum was paid; it was admitted however, that a further examination of the accounts shows that there is a balance still due to each, of eight dol-

DUBREUIL'S
HEIRS.
*vs.*
ROUZAN.

lars and eleven cents ; for that sum they are entitled to judgment.

It is, therefore, ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed, as to the appellees in this cause ; and it is further ordered, adjudged and decreed, that the plaintiffs Marguerite Pacaud, Adélaïde Pacaud and Mathurin Pacaud, do recover of the defendant the sum of eight dollars and eleven cents each ; that the defendant pay the costs in the inferior court, and the appellees those of the appeal.

*Dennis* for plaintiff, *Livingston* for defendant.